```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------
                                          :
KEITH HAYWOOD,                            :
                                          :       16cv5626
                        Plaintiff,        :
                                          :       OPINION & ORDER
        -against-                         :
                                          :
CITY OF NEW YORK,                         :
                                          :
                        Defendant.        :
                                          :
------------------------------------------
```

WILLIAM H. PAULEY III, District Judge:

  Plaintiff pro se Keith Haywood brings this federal civil rights action against Defendant the City of New York.[1] Defendant moves to dismiss the Complaint for failure to state a claim. For the following reasons, Defendant's motion is granted.

## BACKGROUND

  The following facts are gleaned from the Complaint and presumed true for the purposes of this motion. On March 21, 2016 the Department of Corrections transported Haywood from New York County Supreme Court to Rikers Island. (Compl. ¶ 8.) A correction officer handcuffed Haywood and utilized a "black box," which is a device that is placed over the wrists to prevent prisoners from picking the handcuff locks. (Compl. ¶ 9.) Haywood, who had previously experienced discomfort from the black box due to the circumference of his wrists, informed the officer that the device was too small for his hands. (Compl. ¶ 9.) The officer responded that she was aware of his earlier issues with the black box, but that she had been ordered to use the device even though it was "very tight on [Haywood's] wrist." (Compl. ¶ 10.)

---

[1] During the briefing of this motion, Haywood and Defendant BOA Handcuff Company—originally sued under a strict products liability theory—agreed to dismiss the allegations against BOA by Stipulation and Order dated January 31, 2017. (See ECF No. 24.) The City of New York is the only remaining Defendant.

Haywood claims that the black box cut off circulation to his hands and caused swelling in his fingers. (Compl. ¶ 11.) Correction officers removed the device promptly upon Haywood's arrival at Riker's Island and "immediately" informed the intake guard of Haywood's discomfort. (Compl. ¶¶ 12–13.) Haywood declined medical attention at the time, informing the officers that "if it gets worse, I will report to sick call." (Compl. ¶ 14.)

Later that evening, Haywood went to the prison clinic with numbness in his hands and received 400 milligrams of Motrin. (Compl. ¶¶ 15–16.) He alleges that he still cannot bend one finger at the tip. Subsequently, a physician exempted Haywood from the black box device during transport. (Compl. ¶¶ 17–18.)

## LEGAL STANDARD

"[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Goldberg v. Danaher, 599 F.3d 181, 184 (2d Cir. 2010) (quoting McCall v. Pataki, 232 F.3d 321, 322–23 (2d Cir. 2000). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, courts accept a plaintiff's allegations as true and draw all reasonable inferences in his favor. Gonzalez v. Hasty, 802 F.3d 212, 219 (2d Cir. 2015).

When a party is proceeding pro se, this Court has an obligation to "read [the pro se party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 556 U.S. at 678.

DISCUSSION

Haywood brings his federal civil rights claims under 28 U.S.C. § 1983 and Monell v. Dep't of Social Svcs., 436 U.S. 658 (1978). To state a Monell claim against the City, a plaintiff "is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rordiguez, 702 F.2d 393, 397 (2d Cir. 1983).

Although Haywood does not specifically allege how the City caused a violation of his constitutional rights, this Court gleans two theories from the Complaint. First, Haywood claims that the use of the black box constituted excessive force. Alternatively, Haywood alleges that the corrections officers acted with deliberate indifference to his health by applying the device despite knowing of his previous problems with the black box.

A. **Excessive Force**

In analyzing an excessive-force claim, the "core judicial inquiry" is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). This determination has both "objective" and "subjective" components. Hudson, 503 U.S. at 8. The "objective" inquiry focuses on the seriousness of the injury, while the "subjective" prong asks whether the defendants had a "wanton" state of mind when they engaged in the alleged violation. Hudson, 503 U.S. at 10. "The key inquiry under Hudson and its precedents is whether the alleged conduct involved unnecessary and wanton infliction of pain." Davidson v. Flynn, 32 F.3d 27, 30 (2d Cir. 1994).

The Complaint belies any allegation that correction officers acted with the requisite "wanton" state of mind when they applied the black box to Haywood's wrists.

3

Haywood repeatedly alleges that the officer transporting him was well aware—even concerned—about his discomfort with the device. The officer "noted that the box was very tight" and, upon arrival at Rikers Island, "immediately let the intake guard know about [Haywood's] swollen hands and need for medical attention." (Compl. ¶¶ 10, 13.) This reasonable application of the restraints, which the officer had been "ordered" to utilize, cannot give rise to a claim for excessive force. See Hudson, 553 U.S. at 7 (noting that courts should consider "any efforts made to temper the severity of a forceful response" when determining whether the "subjective" prong has been satisfied).

B. **Deliberate Indifference**

"Deliberate indifference to serious medical needs of prisoners . . . constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal citations omitted). Just as with an excessive-force claim, a plaintiff must satisfy both an objective and subjective test to make out a deliberate-indifference case. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). That is, the plaintiff must show both that "his medical condition is objectively a serious one," Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) and that prison officials "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994).

Haywood's deliberate-indifference claims fail for substantially the same reasons as his excessive-force allegations. The facts in the Complaint demonstrate that the corrections officers were well aware of his discomfort and took prompt, reasonable steps to remove the black box as soon as possible. The officers also offered Haywood medical attention, which he declined. This suggests anything but a conscious disregard for an excessive risk to Haywood's health and safety; indeed, it appears from the allegations in the Complaint that the Rikers Island

4

staff, constrained by a directive to utilize the black box, did everything possible to alleviate Haywood's discomfort and mitigate any resulting injuries. Thus, Haywood has not stated a claim for deliberate indifference to his medical needs.

Because this Court finds that Haywood has failed to allege a violation of any constitutional right, he cannot state a claim for <u>Monell</u> liability against the City. <u>See</u> <u>City of Los Angeles v. Heller</u>, 475 U.S. 769, 799 (1986) ("If a person has suffered no constitutional injury . . . the fact that the departmental regulations might have <u>authorized</u> the use of constitutionally excessive force is quite beside the point."). Accordingly, Haywood's § 1983 claims must be dismissed.

C. **State-Law Negligence**

Haywood also brings state-law negligence claims against the City. A federal court "may decline to exercise supplemental jurisdiction over a [pendent state law claim]" if the court "has dismissed all [federal] claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966). Because the dismissal of Haywood's <u>Monell</u> claim disposes of his sole federal cause of action, this Court declines to exercise supplemental jurisdiction over his negligence claims. These claims are dismissed without prejudice to Haywood re-filing them in state court.

## CONCLUSION

Defendant's motion to dismiss the Complaint is granted. Haywood's federal civil rights claims are dismissed with prejudice, and his state-law negligence claims are dismissed without prejudice. The Clerk of Court is directed to terminate all pending motions and mark this case as closed. The Clerk of Court is further directed to mail a copy of this Opinion and Order to the Plaintiff and note service on the docket.

Dated: August 14, 2017
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.